IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON Z. OSWALD, #470263, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-00360-SMY |
| | ) |
| JAMES GOMRIC, | ) |
| JOHN O'GARA, and | ) |
| RICK WATSON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jason Oswald, a pretrial detainee in the St. Clair County Jail, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He seeks monetary damages and injunctive relief. (Doc. 1). This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was arrested on September 6, 2020 for possession of a stolen vehicle. When the vehicle was impounded, ammunition was discovered by the St. Clair County Sheriff's Department and Plaintiff was charged with felon in possession of ammunition. After the vehicle was returned to the owner, the possession of stolen vehicle charge was dismissed. The fact that the ammunition was in a vehicle that belonged to another person proved it did not belong to Plaintiff. He has been illegally detained in the St. Clair County Jail since September 6, 2020.

The State's Attorney violated Plaintiff's constitutional right to due process because his preliminary hearing was held 32 days after he was taken into custody. The State's Attorney also denied Plaintiff his right to a fast and speedy trial. Judge O'Gara violated Plaintiff's rights by setting an excessive bond in the amount of $140,000 that is beyond his ability to pay.

The St. Clair County Jail has risked Plaintiff's physical health and his life by intentionally placing him in contact with inmates who are positive for COVID-19. COVID-19 has led to the deaths of several inmates, including an inmate who died of COVID-19 on February 1, 2021 while in custody at the St. Clair County Jail.

**Preliminary Matter**

Plaintiff asserts claims related to state court criminal proceedings and conditions of confinement in the St. Clair County Jail. (Doc.1). Thus, the Court must determine as a preliminary matter whether these claims are improperly joined and subject to severance or dismissal. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George*, 507 F.3d at 607.

Here, Plaintiff asserts two distinct sets of claims that are unrelated, include different defendants, involve separate transactions or occurrences, and do not involve a common question of fact or law. Accordingly, consistent with *George v. Smith* and Rule 20, the Court will sever the conditions of confinement claim against Rick Watson, the Sheriff of the St. Clair County Jail. The Complaint in the newly severed case will be subject to review under 28 U.S.C. § 1915A.

**Discussion**

The allegations remaining in this case relate to criminal proceedings in Illinois state court. Specifically, Plaintiff alleges he has been charged with felon in possession of ammunition without probable cause, a claim presumably aimed at State's Attorney James Gomric. He also alleges that Gomric violated his right to due process because his preliminary hearing was held 32 days after he was taken into custody and that Gomric denied him the right to a fast and speedy trial. He alleges Judge O'Gara violated his rights by setting an excessive bond that is beyond his ability to pay.

"Prosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43 (2009); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)). Unquestionably, Plaintiff's allegations relate to conduct during the judicial phase of the criminal process. As such, State's Attorney Gomric is entitled to absolute immunity and will be dismissed with prejudice.

Likewise, judges are protected by absolute immunity from § 1983 suits for damages when they are sued for solely judicial acts. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 12 (internal citation omitted). A judge will not be deprived of immunity because the action he took was in error, was done maliciously or was in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356–357 (1978). Determining and

setting the amount of bail for a criminal defendant in custody is a judicial act. Judge O'Gara is therefore cloaked with judicial immunity and will be dismissed with prejudice.

Because Plaintiff's claims relate only to conduct during a criminal proceeding and the Defendants may not be sued under § 1983, the problems with the claims cannot be cured by permitting him to amend his Complaint. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). However, to the extent his claims may be brought in his criminal case or related proceedings, the Complaint will be dismissed without prejudice.

## Disposition

Plaintiff's conditions of confinement claim against Defendant Rick Watson related to his pretrial detention at the St. Clair County Jail is **SEVERED** into a new case. The Clerk of Court is **DIRECTED** to **TERMINATE** Watson as a defendant in this lawsuit.

The Clerk of Court is **DIRECTED** to file the following documents in the new-severed case:

1) The Complaint (Doc. 1);
2) The Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2);
3) The Motion to Appoint Counsel (Doc.3); and
4) This Memorandum and Order Severing Case.

Defendants James Gomric and John O'Gara are **DISMISSED with prejudice** and the Clerk of Court is **DIRECTED** to **TERMINATE** them as parties. The Complaint is **DISMISSED without prejudice** for failure to state a claim for relief. The dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court

within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

**IT IS SO ORDERED.**

DATED: May 3, 2021

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
